[No. 14508. Department Two. March 15, 1918.]

# F. W. LUEDINGHAUS, *Respondent,* v. HANS PEDERSON et al., *Appellants.*[1]

TRESPASS—PERSONS LIABLE—CONTRACTOR. A contractor for clearing and grading is primarily liable for trespass committed in cutting timber in the performance of the contract, where the contract provided that it could not be assigned without consent and there was no evidence that it had been assigned.

SAME—"WILLFUL TRESPASS" — CUTTING TIMBER. There was no willful trespass by a contractor in the cutting of timber by employees, without the knowledge and contrary to the directions of the contractor's foreman; but the same was "casual or involuntary," within Rem. Code, §§ 939, 940, relating to treble damages for willful trespass.

SAME—ACTIONS—TREBLE DAMAGES—PLEADING. In an action for treble damages for willful trespass in cutting timber, under Rem. Code, §§ 939, 940, it is not necessary that the answer set up that the trespass was "casual or involuntary," where under a general denial, such fact was shown.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered June 11, 1917, upon findings in favor of the plaintiff, in an action for trespass, tried to the court. Reversed.

*Roberts, Wilson & Skeel* and *Lee Johnston* (*J. J. Geary,* of counsel), for appellants.

*A. A. Hull* and *W. M. Urquhart, Jr.,* for respondent.

MOUNT, J.—This action was brought to recover treble damages for cutting and removing certain timber from the lands of the plaintiff. The plaintiff alleged in his complaint that the defendant Hans Pederson,

"through his authorized servants and agents, trespassed upon the lands described herein, without any license or permission from the owners thereof, and wrongfully and unlawfully removed certain valuable

[1]Reported in 171 Pac. 530.

timber standing thereon in the amount of 149,317 feet, of the reasonable value of $3 per thousand feet; whereby the owners thereof lost said timber and the land and timber belonging to them was greatly damaged and lessened in value in the amount of $950, and thereby the said defendant, by force of the provisions of the laws of the state of Washington, became liable to pay to the owners thereof treble the amount of said damages.''

The answer was a general denial. Upon the trial of the case to the court without a jury, the court found that 68,131 feet of timber was removed by authority of the owners of the land; that 59,952 feet was removed by willful trespass; and that 19,832 feet was taken by casual or involuntary trespass. The court thereupon trebled the value of the 59,952 feet, and found that the reasonable value of 19,832 feet was $6.50 per thousand feet, and excluded the 68,131 feet from the judgment. Judgment was entered in favor of the plaintiff, and against the defendants, for $668.36, besides the costs. The defendants have appealed.

Appellants make two contentions, to the effect: First, that they are not liable for the acts of the corporation, of which they are merely stockholders; and second, that the court erred in finding a willful trespass and in trebling the damages.

Upon the first point, it appears that appellant Hans Pederson took a contract for clearing and grading for a railway across the lands in question. This contract was placed of record in the county in which the lands were located. Thereafter the work was done by the Hans Pederson Construction Company, of which it is claimed that Hans Pederson was president. It is argued that a mere stockholder in a corporation is not liable for an act of the corporation. We find no competent evidence in the record to show that the Hans Pederson Construction Company was, in fact, a corpora-

tion. The work of clearing and grading for the railway was done under a contract between the railway company and Mr. Pederson. That contract was in writing. It provided that no assignment thereof should be made without the written consent of the railway company. While it is claimed that the contract was assigned by Pederson to the Hans Pederson Construction Company, there is no record of that fact and it was not proved. We are satisfied, therefore, that, when it was shown that the work was done according to the contract, which was taken in the name of Hans Pederson, he is primarily liable for whatever was done under that contract.

It is next argued by the appellants that there is no evidence that the trespass was willful on the part of the appellants, and that the court erred in finding that the trespass was willful. It is conceded by the respondent that he gave permission to the foreman, who had charge of the work of clearing and grading for the railway, to use certain timber within the right of way, and that, under this agreement, some 68,000 feet of the timber was used. The evidence shows that some of the employees of the construction company, who were doing work upon the clearing and grading, went off the right of way and took certain timber which was used about the work. This was no doubt sufficient to show a trespass; but it was also shown that Mr. Pederson knew nothing of this trespass and did not authorize it. The foreman, who had charge of the work, had instructed the men under him not to go off the marked-out right of way to take any timber. It is apparent, therefore, that there was no willful trespass on the part of the appellants or their authorized agents. The statute provides, at §§ 939 and 940, Rem. Code, that, whenever any person shall cut down or carry off any timber on the land of another person, without lawful

authority, in an action by such person against the person committing such trespass, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be. But if, upon trial of such action, it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, judgment shall only be given for single damages.

In *Skamania Boom Co. v. Youmans,* 64 Wash. 94, 116 Pac. 645, in construing these sections, we held that they did not provide

"that one who cuts the timber of another without regard to the place of cutting or to the ownership of the land from which it is cut shall be holden in treble damages. To fall within the statute the timber must be cut upon the land of another person, and the trespass must not have been casual or involuntary, but as was said in the *Gardner* case, 'the intent to commit trespass must appear.' "

And in *Bailey v. Hayden,* 65 Wash. 57, 117 Pac. 720, after considering these same two sections, we said, at page 61:

"The statute is penal in its nature, not merely remedial. As such it should be strictly construed. . . . We are constrained to hold that the statute, construing the two sections together according to their most obvious intent, contemplates but one measure of damages—the actual and compensatory—which shall be trebled as against the wilful wrongdoer and allowed singly as against the casual or involuntary trespasser."

And in *Tronsrud v. Puget Sound Traction, Light & Power Co.,* 91 Wash. 660, 158 Pac. 348, in referring to these same two sections, we said:

"That section (§ 939) itself multiplies the recovery only when the mischief is done 'without lawful authority' besides which the next imposes that, if the act be 'casual or involuntary,' the damages shall be but single. Now it is undisputed that there was permission given for this thing, and though the jury did find that as to cutting the tops no permission had been given, the right to do some lopping and trimming is clear. Defendant may indeed have gone further in plaintiffs' absence than it would have done in their presence, but it would be misusing this law to visit upon the mistaken a penalty intended for the wanton. The bad faith or degree of wilfulness necessary to set in motion the first section is made clear in *Bailey v. Hayden,* 65 Wash. 57, 117 Pac. 720; *Skamania Boom Co. v. Youmans,* 64 Wash. 94, 116 Pac. 645, and *Gardner v. Lovegren,* 27 Wash. 356, 67 Pac. 615. In this case plaintiffs should have been confined to compensation under the second."

In *Harold v. Toomey,* 92 Wash. 297, 158 Pac. 986, we said:

"While it is true that this court construes the statute (§ 939, *supra*) strictly and will discountenance any trebling of damages except in cases where the trespass is voluntary and an element of wilfulness or malice is combined therewith, nevertheless, the statute was enacted for a just, double purpose—to punish a voluntary offender and to provide, by trebling the actual present damage, a rough measure of compensation for future damages not generally ascertainable."

In this case it was an admitted fact that the respondent authorized the taking of certain timber, conceded to be more than 68,000 feet. Some of the servants of the appellants, without their knowledge or consent, and against the advice of their foreman, took certain other timber. It is plain, we think, that this trespass was casual and involuntary and, under the statute, should not have been trebled. The respondent asserts that it was the duty of the appellants to allege in their

answer that the trespass was involuntary and casual, as a defense, and that, since the answer alleged a general denial only, they ought not to be heard to say that the trespass was casual and involuntary; but, under the decisions which we have referred to above, it is apparent that, if it appeared upon the trial of the case that the trespass was casual or involuntary, that was sufficient to defeat a recovery for treble damages. We are satisfied, therefore, that the trial court erred in trebling the damages. There is no evidence of damage to the land aside from the timber. The judgment should have been for single damages only, or for $243.55.

The judgment appealed from is therefore reversed and remanded to the lower court with instructions to enter a judgment in favor of the respondent for $243.55, the appellants to recover their costs in this court.

ELLIS, C. J., and CHADWICK, J., concur.