FILED
COURT OF APPEALS
DIVISION II

2015 JAN 21 AM 9: 04

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROBERT GUNN, a single man, | No. 45177-8-II |
| Respondent, | |
| v. | |
| TERRY L. RIELY and PETRA E. RIELY, husband and wife, and their marital community, and all Persons Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto, | PUBLISHED OPINION |
| Appellants. | |

LEE, J. — Terry and Petra Riely (the Rielys) appeal the trial court's judgment awarding damages to Robert Gunn for timber trespass on Gunn's property. The Rielys argue that the trial court erred when it (1) applied RCW 4.24.630, the waste statute, instead of RCW 64.12.030, the timber trespass statute; (2) did not consider the Rielys' affirmative defense that Oasis Well Drilling (Oasis) was liable; and (3) did not consider whether the Rielys had an implied easement. Because the trial court incorrectly applied the waste statute, RCW 4.24.630, we reverse and remand for further proceedings.

## FACTS

Gunn and the Rielys own adjacent property in the Storm King Ranch subdivision (Storm King) in Clallam County, Washington. Joel Sisson, one of the Storm King developers, purchased the Storm King land and subdivided it into eight parcels. Parcels 1, 2, and 3 share a common

corner. Gunn owns parcel 1 and the Rielys own parcel 2. The owners of parcel 3 are not parties to this appeal.

Sponberg Lane runs west through Gunn's property. A grassy path (an old logging road) diverges from Sponberg Lane, and runs roughly parallel along the boundary line between Gunn's property and the Rielys' property, and ends near the common corner shared by parcels 1, 2, and 3. The grassy path is entirely on Gunn's property and is about 75 feet from the boundary line with the Rielys' property.

Between 2000 and 2009, the Rielys used the grassy path to access parts of their property. During that time, Gunn repeatedly told the Rielys that they did not have the right to use the grassy path and that they were not welcome on his land. The Rielys continued to tell Gunn that they believed that they had a right to use the path. In the spring of 2008, Gunn went to the courthouse to inspect the deeds and determined that the Rielys did not have an easement of record. Also in 2008, the Rielys asked to purchase an easement from Gunn, but he declined.

In 2009, the Rielys hired Oasis Well Drilling to build a well on their property near the common corner. The Rielys directed Oasis to use the grassy path for access to the Rielys' property. When the Rielys directed Oasis to use the grassy path, they were aware that Oasis planned to cut trees on the grassy path to get to the drill site. Oasis cut down approximately 107 of Gunn's trees along the grassy path to make room for the equipment needed to drill the well.

Gunn filed his complaint for timber trespass in 2010 and his amended complaint in 2013. In Gunn's amended complaint, he alleged that the Rielys came onto his property and injured trees; that the Rielys knew that they did not have the right to be on his property; and that Gunn was

2

entitled to damages pursuant to the timber trespass statute, RCW 64.12.030,[1] or in the alternative, the waste statute, RCW 4.24.630.[2]

---

[1] RCW 64.12.030 states:

Injury to or removing trees, etc. — Damages.

Whenever any person shall cut down, girdle, or otherwise injure, or carry off any tree, including a Christmas tree as defined in RCW 76.48.020, timber, or shrub on the land of another person, or on the street or highway in front of any person's house, city or town lot, or cultivated grounds, or on the commons or public grounds of any city or town, or on the street or highway in front thereof, without lawful authority, in an action by the person, city, or town against the person committing the trespasses or any of them, any judgment for the plaintiff shall be for treble the amount of damages claimed or assessed.

(Reviser's note omitted.)

[2] RCW 4.24.630 states:

(1) Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act. Damages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration. In addition, the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs.

(2) This section does not apply in any case where liability for damages is provided under RCW 64.12.030, 79.01.756, 79.01.760, 79.40.070, or where there is immunity from liability under RCW 64.12.035.

(Reviser's note omitted.)

In their answer to Gunn's complaint, the Rielys stated that (1) they had "certain easement rights" over the grassy path; and (2) Gunn's injuries were caused by someone else not under the control, supervision, or direction of the Rielys. For the first time in their trial brief, the Rielys argued that Oasis was liable for the damage to the trees and that they held an implied easement over the grassy path.

The case was heard in a two-day bench trial. The parties stipulated to the value of the cut trees ($153 total).

At trial, Gunn moved in limine[3] to exclude the Rielys' argument that Oasis was liable, and to prevent the Rielys from bringing a quiet title action to establish an implied easement because the Rielys did not plead these claims and Gunn did not have notice of these claims. With regard to the argument that Oasis was liable, the Rielys argued that while they did not specifically plead it or disclose it in discovery, Gunn was on notice that the Rielys would argue that Oasis was liable because Gunn knew that Oasis built the well. The trial court ruled that it would allow the Rielys to present evidence relevant to the wrongfulness of the tree cutting, but the fault of a nonparty must be affirmatively pleaded and because it was not, the trial court would not determine whether Oasis was liable.

With regard to the implied easement issue, the Rielys argued that their pleadings implied that they would bring a quiet title action because their affirmative defense was based on their belief that they held an easement. The trial court ruled that the Rielys could prove their defense, but that

---

[3] Gunn characterized his motion as a "motion in limine I suppose, or a clarification." Verbatim Report of Proceedings (VRP) at 6.

4

they could not bring a quiet title action because it had not been pleaded. The Rielys then requested a continuance to amend their pleadings to add a claim for a quiet title action based on an implied easement, and the trial court denied the request.

The trial court found the Rielys liable for damages for timber trespass to Gunn under the waste statute, RCW 4.24.630. The trial court ruled that:

> The essence of the claim here is damage to the land, not to the trees. The value of the trees is the smallest component of damages and trebling it is really useless in terms of restoring to Mr. Gunn what he has lost. That doesn't do it, can not [sic] do it.
>
> So I do not find that the timber trespass statute [RCW 64.12.030] is designed to or in effect does provide liability for damages that are suffered in this case.

Verbatim Report of Proceedings (VRP) at 238-39. The court awarded the following damages: $1,359 (the value of the cut trees, $153, trebled; and cost of restoration, $300, trebled), investigative costs for the survey work ($3,294), costs ($418.60), and attorney fees ($17,500). The trial court also cleared Gunn's title of any claim of easement of record over the grassy path. The Rielys moved for reconsideration, arguing that the applicability of the timber trespass statute precluded a damage award under the waste statute. The trial court denied the motion, stating that awarding damages under RCW 64.12.030 would be an "improper application" of the statute. Clerk's Papers at 47. The Rielys appeal.

## ANALYSIS

The Rielys argue that the trial court erred by (1) awarding damages under the waste statute (RCW 4.24.630) and not the timber trespass statute (RCW 64.12.030); (2) refusing to consider the Rielys' argument that Oasis was liable; and (3) determining that the Rielys failed to plead a quiet

title action.[4] We hold that (1) the trial court erred when it awarded damages under the waste statute, RCW 4.24.630, rather than under the timber trespass statute, RCW 64.12.030; and (2) the trial court did not abuse its discretion in not considering the Rielys' argument that Oasis was liable. We do not address the Rielys' argument that the trial court erred in determining the Rielys failed to plead a quiet title claim.

A.    ACTIONS UNDER RCW 4.24.630 AND RCW 64.12.030

The Rielys argue that the trial court improperly awarded damages under the waste statute because the waste statute does not allow for recovery when the plaintiff is entitled to damages under the timber trespass statute. We agree.

The trial court awarded damages under the waste statute because it found that the timber trespass statute would be "useless in terms of restoring to Mr. Gunn what he has lost." VRP at 239. However, we determine the proper application of a statute based on carrying out the legislature's intent, not by the desired amount of damages. *See Jongeward v. BNSF Ry. Co.*, 174 Wn.2d 586, 592, 278 P.3d 157 (2012). As a matter of law, the trial court erred by awarding damages under the waste statute because the waste statute does not provide damages when the timber trespass statute does.

Under which statute Gunn can recover damages is a question of statutory interpretation. We review the meaning of a statute de novo. *Jongeward*, 174 Wn.2d at 592. Our fundamental objective is to ascertain and carry out the legislature's intent. *Jongeward*, 174 Wn.2d at 592. "If

---

[4] The Rielys assign error to numerous findings of facts. However, they do not offer arguments regarding those findings. The essence of their argument concerns the legal arguments addressed in this opinion.

6

a statute's meaning is plain on its face, we must 'give effect to that plain meaning as an expression of legislative intent.'" *Jongeward*, 174 Wn.2d at 594 (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d. 4 (2002)). "If a statute remains ambiguous after a plain meaning analysis, it is appropriate to resort to interpretive aids, including canons of construction and case law." *Jongeward*, 174 Wn.2d at 600.

Here, we must determine whether damages are provided for under the timber trespass statute, RCW 64.12.030. If damages are provided for under the timber trespass statute, then the waste statute, RCW 4.24.630, does not apply.[5]

The waste statute, RCW 4.24.630, reads as follows:

(1) Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. . . . Damages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration. In addition, the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs.

(2) **This section does not apply in any case where liability for damages is provided under RCW 64.12.030 . . . .**

---

[5] The Rielys heavily rely on *International Raceway, Inc. v. JDFJ J. Corp*, 97 Wn. App. 1, 970 P.2d 343 (1999), for their argument that the timber trespass statute, RCW 64.12.030, applies and not RCW 4.24.630. However, *JDFJ* is distinguishable. There, damages were awarded under RCW 64.12.030. After trial, JDFJ moved for reconsideration, and for the first time, alleged that the damages should be awarded under RCW 4.24.630 instead of RCW 64.12.030. *JDFJ*, 97 Wn. App. at 5. The court said that RCW 64.12.030 "encompasses the conduct of [International Raceway, Inc.] in this case" and the defendant cannot propose a new theory of the case after an unsatisfactory judgment. *JDFJ*, 97 Wn. App. at 7.

(Emphasis added) (reviser's note omitted). RCW 4.24.630(2) explicitly excludes its application where liability for damages is provided under RCW 64.12.030, the timber trespass statute. There are no reported cases where Washington courts have applied RCW 4.24.630 to timber trespass.[6]

The timber trespass statute, RCW 64.12.030, reads as follows:

Whenever any person shall cut down, girdle, or otherwise injure, or carry off any tree, . . . timber, or shrub on the land of another person, . . . without lawful authority, in an action by the person, city, or town against the person committing the trespasses or any of them, any judgment for the plaintiff shall be for treble the amount of damages claimed or assessed.[7]

In discussing the appropriate application of the timber trespass statute, our Supreme Court has explained the timber trespass statute:

In each of [Washington's] cases construing the statute over the last 142 years, the defendant entered the plaintiff's property and committed a direct trespass against the plaintiff's timber, trees, or shrubs, causing immediate, not collateral,

---

[6] In 1994, the Washington legislature enacted RCW 4.24.630 as part of Senate Bill 6080. The parties have not identified any reported cases applying RCW 4.24.630 where the only damage was to timber, and we have been unable to find any.

The legislative history reveals that when the Washington State Senate was debating RCW 4.24.630, Senator Owen explained that:

[T]he idea is to deal with the tremendous amount of damage that we are having with people coming in and shooting up signs, shooting up restrooms. In the case of forest lands, shooting up trees, taking four-wheel drives and running them all over [agricultural] land and ripping up the ground. You know a variety of things like that is really what we are getting after in this situation.

SENATE JOURNAL, 53rd Leg., Reg. Sess., at 154 (Wash. 1994). Therefore, it appears that there could be a situation, under circumstances of waste or vandalism, where a court may find that RCW 4.24.630 appropriately applies to a dispute over comprehensive property damage that includes damage to property and removal of timber, rather than a dispute where the sole issue is timber trespass.

[7] RCW 76.48.020 has been recodified as RCW 76.48.021, pursuant to Laws of 2009, ch. 245, § 29.

injury. Examples include *Birchler*, 133 Wn.2d at 108, where the defendant encroached on plaintiffs' properties and removed trees and shrubbery; *Guay*, 62 Wn.2d at 473, where the defendants cut a swath on plaintiff's property, destroyed trees, brush and shrubs, and denuded the strip; *Mullally*, 29 Wn.2d 899, where the defendants entered a disputed area and destroyed trees; *Luedinghaus v. Pederson*, 100 Wash. 580, 171 P. 530 (1918), where the defendant trespassed upon plaintiff's land and removed standing timber; *Gardner*, 27 Wash. at 358, where the defendants entered plaintiff's land, cut down and converted into shingle bolts and removed plaintiff's cedar trees; *Maier v. Giske,* 154 Wn. App. 6, 21, 223 P.3d 1265 (2010), where the defendant entered a disputed area and destroyed trees and plants.[8]

*Jongeward*, 174 Wn.2d at 603. The cases interpreting RCW 64.12.030 are clear that it governs direct trespass against a plaintiff's timber, trees, or shrubs.

Here, the dispute arises from the Rielys cutting 107 trees on Gunn's property. The testimony and evidence at trial established that the grassy path was on Gunn's property; that Gunn did not welcome the Rielys onto his property; and that Oasis, at the Rielys' direction, entered Gunn's property and cut down trees. The damages awarded were for the value and cleanup of the cut trees, surveying costs related to the cut trees, court costs, and attorney fees. Beyond the value of the trees, there was no evidence or damages awarded related to waste or damage to the land. The damage fits squarely within the bounds of the timber trespass statute. Thus, the timber trespass statute provides liability for damages in this case and precludes application of the waste statute.

Gunn contends that the trial court properly awarded damages under the waste statute because the "real basis for this case [was] to bar [the] Rielys' use of Gunn's property" and emotional stress that would not be provided for under the timber trespass statute. Br. of Resp't at 12. Gunn's argument is that the Rielys purposefully disregarded his property rights, invaded his

---

[8] *Birchler v. Castello Land Co.*, 133 Wn.2d 106, 942 P.2d 968 (1997); *Guay v. Wash. Natural Gas Co.*, 62 Wn.2d 473, 383 P.2d 296 (1963); *Mullally v. Parks*, 29 Wn.2d 899, 190 P.2d 107 (1948); *Gardner v. Lovegren*, 27 Wash. 356, 67 P. 615 (1902).

9

privacy, and interfered with his use and enjoyment of his own land, and that this disregard culminated in the cutting of his trees. And, he argues that because of this, the trial court properly awarded damages under the waste statute because the real injury was more significant than the cut trees. However, we determine the application of statutes based on the plain language. Here, as explained above, based on the plain language, the timber trespass statute provides liability for damages.

Further, to the extent that Gunn also argues that the timber trespass statute is restricted to trespass against commercial logging operations, he is incorrect. Timber trespass can occur on residential property and against trees that are not part of commercial logging operations. *See Sherrell v. Selfors*, 73 Wn. App. 596, 602-03, 871 P.2d 168 (1994).

The trial court erred in awarding damages under RCW 4.24.630, the waste statute. Accordingly, we remand to determine damages under RCW 64.12.030, the timber trespass statute.

B.      WAIVER OF AFFIRMATIVE DEFENSE: FAULT OF A NONPARTY

The Rielys argue that the trial court erred by not considering their affirmative defense that Oasis, a nonparty, was liable. For the first time in their trial brief, the Rielys argued that Oasis was liable for the cut trees. Gunn made an oral motion at trial to exclude the defense, asserting that the Rielys did not plead or disclose the defense, and that arguing it for the first time in the trial brief was untimely. The trial court ruled that the Rielys were required to affirmatively plead an at-fault nonparty. Because Oasis was a nonparty and the Rielys did not affirmatively plead that Oasis was liable, the trial court would not consider the defense. Effectively, the trial court found that the Rielys waived the affirmative defense by not pleading it.

We review the trial court's decision to strike an affirmative defense based on waiver for an abuse of discretion. *Oltman v. Holland Am. Line USA, Inc.*, 163 Wn.2d 236, 244, 178 P.3d 981, *cert. dismissed*, 554 U.S. 941 (2008). The trial court abuses its discretion if its decision is based on untenable grounds or untenable reasons. *First-Citizens Bank & Trust Co. v. Reikow*, 177 Wn. App. 787, 797, 313 P.2d 1208 (2013).

Washington is a notice pleading state and requires that a party give the opposing party fair notice of the affirmative defense in its pleadings. *Dewey v. Tacoma Sch. Dist. No. 10*, 95 Wn. App. 18, 23, 974 P.2d 847 (1999). CR 8(c) requires an affirmative defense to be pleaded in the party's answer. CR 12(i) provides that a defendant's claim that a nonparty is at fault for fault-allocation purposes is an affirmative defense that must be affirmatively pleaded, and that the "[i]dentity of any nonparty claimed to be at fault, if known to the party making the claim, shall also be affirmatively pleaded." Thus, under CR 8(c) and CR 12(i), "a defendant must plead nonparty fault as an affirmative defense." *Estate of Dormaier v. Columbia Basin Anesthesia, PLLC*, 177 Wn. App. 828, 858, 313 P.3d 431 (2013); *Henderson v. Tyrrell*, 80 Wn. App. 592, 624, 910 P.2d 522 (1996). "A party who does not plead a cause of action or theory of recovery cannot finesse the issue by later inserting the theory into trial briefs and contending it was in the case all along." *Dewey*, 95 Wn. App. at 26. Accordingly, affirmative defenses are waived unless they are pleaded or tried with the parties' express or implied consent. *Henderson*, 80 Wn. App. at 624. A defendant may also waive an affirmative defense "if the defendant's assertion of the defense is inconsistent with the defendant's previous behavior." *Lybbert v. Grant County*, 141 Wn.2d 29, 38-39, 1 P.3d 1124 (2000).

Here, the Rielys acknowledged that they did not plead that Oasis was liable. The Rielys did not raise the argument that they blamed Oasis for the damage until their trial brief in 2013, despite Gunn explicitly asking through discovery in 2010 whether they intended to claim that a nonparty was liable. The Rielys argue that they disclosed the existence of Oasis to Gunn in interrogatories; however, they mischaracterize that disclosure. The Rielys disclosed that Oasis was the company that they hired to construct the well and that they were on Gunn's property, but they did not disclose that they intended to argue that Oasis was liable for the damages to Gunn's property. Moreover, the argument that Oasis was liable is inconsistent with the Rielys' answer to discovery. Gunn posed the following question to the Rielys in discovery:

> 27. Do you claim that there is some person or entity who is not a party to this lawsuit within the meaning of RCW 4.22.070 whose is [sic] at fault for any of Plaintiff's alleged injuries or damages? If so, as to each state the name . . . .

Ex. 1 (Pl.'s Interrog. at 24). In response, the Rielys answered:

> Interrogatory No. 27: Not known at this time—except possibly for Joel Sisson if he made any material misrepresentations rather than unintentional or mistaken in good faith.

Ex. 1 (Def.'s answers, at 7).[9]

Contrary to Washington's notice pleading rules, Gunn was not on notice that the Rielys intended to argue that Oasis was at fault. Moreover, the Rielys' interrogatory answers did not put Gunn on notice that the Rielys intended to argue that Oasis was at fault. The Rielys' claim that Oasis was at fault was raised for the first time in their trial brief, and hence, it was untimely. Therefore, the trial court did not abuse its discretion in not considering the defense.

---

[9] Joel Sisson was one of the developers of Storm King; Gunn and the Rielys purchased their respective parcels from Sisson.

C.    IMPLIED EASEMENT CLAIM

The Rielys claim that the trial court erroneously granted Gunn's motion in limine and should have allowed them to bring a quiet title action.[10] After noting that the trial court erred in its preliminary evidentiary ruling, the Rielys argue that the trial court should have found that they hold an easement by implication over Gunn's grassy path instead of assuming that the Rielys were trespassing. The Rielys base this argument on the testimony and evidence shown at trial.

The Rielys argument is essentially that because they can legally establish an implied easement, they should have been allowed to try to legally establish an implied easement.[11] We disagree.

The issue before us is whether the trial court erred in granting Gunn's motion in limine, precluding the Rielys from proceeding with a quiet title action based on an implied easement. We review a trial court's grant of a motion in limine for an abuse of discretion. *Medcalf v. Dep't of Licensing*, 83 Wn. App. 8, 16, 920 P.2d 228 (1996) *aff'd*, 133 Wn.2d 290, 944 P.2d 1014 (1997). However, the Rielys do not provide any meaningful argument or citation to authority in support of this issue. The Rielys argue that the trial court should have quieted title in their favor based on an implied easement. The Rielys do not address the issue of whether the trial court abused its

---

[10] The Rielys assign error to numerous findings of fact. However, they do not offer arguments regarding those findings. The essence of their argument is the legal arguments addressed in this opinion.

[11] An easement is an interest in land, and an express grant of an easement is a conveyance; thus, the grant or reservation of an easement must be established in a deed. *Gold Creek N. Ltd. P'ship v. Gold Creek Umbrella Ass'n*, 143 Wn. App. 191, 200-01, 177 P.3d 201 (2008). However, despite the lack of written instruments, easements can be implied by the facts and circumstances surrounding the land conveyance. *Woodward v. Lopez*, 174 Wn. App. 460, 469, 300 P.3d 417 (2013).

discretion in ruling that the Rielys failed to plead a quiet title action. Accordingly, we do not address this argument. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Moreover, to the extent that the Rielys' argument can be characterized as the trial court erred when it refused to allow them to present the affirmative defense of their good-faith belief that they held an easement, this also lacks merit. The trial court allowed the Rielys to present evidence supporting their implied easement defense. Joel Sisson testified that he intended for the Rielys' parcel to have access to the grassy path, but that the attorney who drafted the easements "dropped the ball" and did not include an easement for the Rielys' parcel. VRP at 154. Further, Sisson testified that he "was always under the assumption" that he told the Rielys they could use the grassy path. VRP at 156. Additionally, the Rielys testified that before they purchased the property, they discussed access to the grassy path with Sisson. The Rielys also testified that they believed that the grassy path had been used to access the property before the land was subdivided. Therefore, the Rielys' characterization that the trial court did not allow them to present their implied easement defense is inaccurate; the record belies the argument that the trial court prohibited their presentation of their affirmative defense.

Additionally, the Rielys ask us to contemplate a hypothetical situation where the trial court did not refuse to consider their claim to quiet title, then actually considered it, and then legally established that the Rielys have an implied easement. And then, in that situation, they ask us to consider "could there be a trespass if they had an underlying common law right of use and maintenance of the implied easement?" Br. of Appellant at 4. They further ask us to decide their

quiet title action, and then if we decide in their favor, also decide whether the facts would provide for mitigation of damages.

This hypothetical scenario requires us to ignore the fact that the trial court did not consider whether the Rielys could establish an easement by implication. The trial court explicitly said that it was not considering the quiet title action. The Rielys are attempting to litigate an issue that was not pleaded or litigated below. Their arguments are speculative and would render any decision advisory. We do not render advisory opinions. *Wash. Beauty Coll., Inc. v. Huse*, 195 Wash. 160, 164-65, 80 P.2d 403 (1938); *see Kitsap County Prosecuting Attorney's Guild v. Kitsap County*, 156 Wn. App. 110, 122, 231 P.3d 219 (2010) (noting that this court does not give advisory opinions).

D.    ATTORNEY FEES

The Rielys argue that the trial court erred when it awarded attorney fees to Gunn. We review the award of attorney fees de novo, and review the amount of attorney fees for abuse of discretion. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). Here, the trial court awarded attorney fees under the waste statute.[12] Because we are reversing the trial court's judgment, Gunn is not entitled to attorney fees unless the trial court determines that such fees are appropriate under the timber trespass statute.[13]

---

[12] RCW 4.24.630.

[13] RCW 64.12.030.

15

Gunn requests an award of attorney fees on appeal pursuant to RCW 4.24.630 and RAP 18.1(a). However, because we have determined that RCW 4.24.630 does not apply, his request is denied.

To the extent that the Rielys request attorney fees on appeal, this request is not properly presented. RAP 18.1(b) "requires a party to include a separate section in her or his brief devoted to the request" for appellate attorney fees. *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012), *review denied*, 175 Wn.2d 1016 (2012). This requirement is mandatory, and "requires more than a bald request for attorney fees on appeal." *Stiles*, 168 Wn. App. at 267. Here, the Rielys assert, in another section of their brief, that they "should be entitled to an award of reasonable attorney's fees both at trial and for the proceedings before the Court of Appeals." Br. of Appellant at 48. The Rielys have not met the mandatory requirements for requesting attorney fees on appeal, and we deny the request.

We reverse the judgment and remand for further proceedings consistent with this opinion.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.