# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ERNEST KIRK GEORGE, | No. 48222-3-II |
| Appellant, | |
| v. | |
| JOHN DANIELSEN, a single adult male; JIM MORGER CONSTRUCTION, INC, a Washington corporation; DAN MORGER and "JANE DOE" MORGER, and their marital community; JOHN DOES 1-3, | UNPUBLISHED OPINION |
| Respondents. | |

MELNICK, J. — After filing a suit for timber trespass[1] and waste,[2] Ernest Kirk George appeals the trial court's orders denying his motion for partial summary judgment and granting John Danielsen's and Dan Morger's cross-motions for partial summary judgment.[3] We do not consider the denial of George's motion for partial summary judgment regarding treble damages under the timber trespass statute because the trial court determined that issues of material fact remained and held a trial on the merits. We conclude that the trial court did not err by granting Danielsen's and

---

[1] RCW 64.12.030.

[2] RCW 4.24.630.

[3] George also assigned error to the trial court denial of George's post-trial CR 50 motion on treble damages under the timber trespass statute. But we do not address this assignment of error because George did not designate for the appellate record a transcript of the trial. Without knowing what evidence was presented at trial, we cannot determine whether the trial court erred in denying the CR 50 motion based on that evidence. *Hernandez v. Stender*, 182 Wn. App. 52, 59, 358 P.3d 1169 (2014).

Morger's motions for partial summary judgment regarding liability under the waste statute because the damages were provided for under the timber trespass statute, and therefore the waste statute did not apply. We affirm.

FACTS

In 2012, Danielsen purchased property adjacent to George's property. Danielsen did not hire a surveyor to establish the property line. Instead, he relied on a plat map to determine the property line location. In December, Danielsen hired Morger to cut trees on what he believed to be his property.

Morger, without a surveyor or a map, marked with ribbons what he believed to be the property line. The line he marked was 25 to 30 feet north of a cattle containment fence. Morger cut the trees within the barrier of ribbons. However, Danielsen and his neighbor, John Brush, who lived immediately to the north, concluded that the marked boundary was not the actual property boundary. Brush identified a survey marker from a recent survey of his own property. He and Danielsen stretched the measuring tape from the survey marker and moved south until they found another stake. They observed several steel fence posts scattered around the area that they measured to, but the posts were not in a straight line. They observed the cattle containment fence approximately 5 or 6 feet inside the line they measured. The first steel fence post was about 25 to 30 feet farther north of the cattle containment fence. George believed that the cattle containment fence was about 6 to 10 feet from the property line on the east end and 40 to 50 feet from the property line on the west end. Danielsen believed the fence was on his property.

Danielsen instructed Morger to cut to the fence line and Morger asked, "Are you sure?" Clerk's Papers (CP) at 55. After receiving an affirmative answer, Morger cut the trees just to the fence line.

I.     PROCEDURAL FACTS

George filed a complaint for timber trespass and waste against Danielsen and Morger. He sought treble damages. The complaint alleged that Danielsen and Morger "negligently, recklessly, or intentionally entered onto [George's] land and cut and removed trees" in violation of the timber trespass or the waste statutes. CP at 2. Danielsen denied the allegations.

George filed a motion for partial summary judgment on the issue of whether Danielsen and Morger were jointly liable for treble damages and for conversion of the timber under the timber trespass statute. George argued that Danielsen and Morger were unable to prove that they mitigated damages under the timber trespass statute.

Morger responded to George's motion for summary judgment and filed a cross-motion for partial summary judgment. In his cross-motion, he argued that George could not seek relief under the waste statute where a remedy was available under the timber trespass statute.

Danielsen also responded to George's motion for summary judgment and filed a cross-motion for partial summary judgment. In his cross-motion, he argued that the trial court should dismiss George's claims under the waste statute because the timber trespass statute expressly provides for damages to landowners whose trees are cut.

The trial court heard arguments on all of the motions for partial summary judgment. Regarding George's motion for partial summary judgment, the trial court denied the motion and found that material issues of fact existed as to whether treble damages under the timber trespass statute applied. The trial court granted George summary judgment on the issue that a trespass

occurred. However, all damages issues were preserved for trial, as were all issues regarding "mitigation" under the timber trespass statute. CP at 281. The trial court granted Morger's and Danielsen's cross-motions for partial summary judgment, dismissing George's claims under the waste statute and for conversion.

II.     TRIAL

After a trial, the jury found by special verdict that 18 trees were wrongfully cut by Danielsen or persons acting under his direction. The jury awarded damages of $12,500 to George. The jury also found that when Danielsen directed Morger to cut down the trees, he was not liable under the waste statute, and he acted with probable cause to believe that the trespass occurred on his own land. The trial court entered judgment for George against Danielsen in the amount of $12,500 and $1,725.20 in costs and attorney fees.

George appeals.

ANALYSIS

I.     GEORGE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

George argues that the trial court erred by denying his motion for partial summary judgment on the issue of treble damages because Danielsen did not present evidence that he had probable cause to believe the trees were on his land.

Where a trial court's denial of summary judgment is based on the existence of disputed material facts, we will not review it when raised after a trial on the merits. *Weiss v. Lonnquist*, 173 Wn. App. 344, 354, 293 P.3d 1264 (2013). "Where the pretrial order denying summary judgment is premised on a question of law, however, the court can review that order even after a full trial on the merits." *Weiss*, 173 Wn. App. at 354.

Here, the trial court denied George's motion for partial summary judgment on damages because issues of material fact remained. Therefore, we do not review the trial court's denial of the motion.

II.     CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

George argues that the trial court erred by granting the cross-motions for partial summary judgment and dismissing his claim under the waste statute because the statute's plain terms apply to anyone who removes timber from the land of another. We disagree.

A.     Legal Standards

We review an order for summary judgment de novo, engaging in the same inquiry as the trial court. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe all facts and their reasonable inferences in the light most favorable to the nonmoving party. *Jones*, 146 Wn.2d at 300.

A party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact. *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton*, 115 Wn.2d at 516. If the moving party satisfies its burden, the nonmoving party must present evidence demonstrating that a material fact remains in dispute. *Atherton*, 115 Wn.2d at 516. If the nonmoving party fails to demonstrate that a material fact remains in dispute, and reasonable persons could reach but one conclusion from

all the evidence, then summary judgment is proper. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

In addition, we must determine the meaning of the waste and the timber trespass statutes. We review the meaning of statutes de novo. *Jongeward v. BNSF Ry. Co.*, 174 Wn.2d 586, 592, 278 P.3d 157 (2012). Our "fundamental objective is to ascertain and carry out the legislature's intent." *Gunn v. Riely*, 185 Wn. App. 517, 524, 344 P.3d 517, *review denied*, 183 Wn.2d 1004 (2015). We must give effect to the plain meaning of the statute as an expression of legislative intent, if the statute's meaning is plain on its face. *Gunn*, 185 Wn. App. at 524. Only if the statute is ambiguous should we look to interpretive aids, such as canons of construction and case law. *Gunn*, 185 Wn. App. at 524.

B.      The Trial Court Did Not Err By Granting Partial Summary Judgment

The waste statute, provides:

(1) Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act. Damages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration. In addition, the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs.

(2) This section does not apply in any case where liability for damages is provided under [the timber trespass statute].

RCW 4.24.630.

The timber trespass statute, provides:

Whenever any person shall cut down, girdle, or otherwise injure, or carry off any tree, including a Christmas tree as defined in RCW 76.48.020, timber, or shrub on the land of another person, or on the street or highway in front of any person's house, city or town lot, or cultivated grounds, or on the commons or public grounds of any city or town, or on the street or highway in front thereof, without lawful authority, in an action by the person, city, or town against the person committing the trespasses or any of them, any judgment for the plaintiff shall be for treble the amount of damages claimed or assessed.

RCW 64.12.030.

We held in *Gunn* that "the waste statute does not provide damages when the timber trespass statute does." 185 Wn. App. at 524. The plain meaning of the waste statute excepts timber trespass from it. *Gunn*, 185 Wn. App. at 524-26. "[Section 2 of the waste statute] explicitly excludes its application where liability for damages is provided under RCW 64.12.030, the timber trespass statute." *Gunn*, 185 Wn. App. at 525. Because the plain meaning of the statute is evident, we follow it.

George argues that we should overrule *Gunn*, but he has not analyzed how that case is both incorrect and harmful. *See Deggs v. Asbestos Corp. Ltd.*, ___ Wn.2d ___, 381 P.3d 32, 38 (2016).

We follow our precedent and the plain meaning of RCW 4.24.630(2) and conclude that when damages are provided for in the timber trespass statute, the waste statute's provisions on damages are inapplicable. The trial court did not err by granting the cross-motion for summary judgment and dismissing George's claim under the waste statute.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Johanson, J.

Maxa, A.C.J.