**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Receivership of<br><br>NORTHWEST TRUSTEE SERVICES, INC. and RCO LEGAL, P.S.<br><br><br>ELLIOTT BAY ASSET SOLUTIONS, LLC, as court appointed general receiver over RCO Legal, P.S.,<br><br>Respondent,<br><br>v.<br><br>JAMES B. NUTTER & CO., a Missouri corporation,<br><br>Appellant. | No. 80482-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — In this collection action, Elliott Bay, acting as receiver for RCO, sued JBNC for breach of contract, unjust enrichment, and account stated. The trial court granted Elliott Bay's motion for summary judgment and entered judgment in its favor on invoices for legal services. Elliott Bay met its burden to establish breach of contract. JBNC's affirmative defense of offset was waived and, in any event, unsupported by sufficient evidence. We affirm.

FACTS

RCO Legal P.S. was a law firm in Washington that performed legal services in Washington and other jurisdictions. James B. Nutter & Co. (JBNC) is a mortgage banking

company located in Kansas City, Missouri. JBNC engaged RCO to provide legal services since at least 2012. When RCO became insolvent in March 2018, Elliott Bay Asset Solutions LLC took over as its general receiver. JBNC subsequently moved its cases to the law firm McCarthy & Holthus LLP (M&H).

During the terms of its engagement, RCO sent regular invoices to JBNC. It is undisputed that JBNC received the invoices and, with few exceptions, failed to pay them.

On November 28, 2018, Elliott Bay, acting as receiver for RCO, filed a complaint against JBNC for breach of contract, unjust enrichment, and account stated. The complaint alleged that JBNC's failure to pay for services rendered caused RCO to sustain damages of $137,296.21—the total amount of the outstanding invoices— plus pre- and post-judgment interest at the rate of 12 percent per year and attorney fees and costs. A summary list of unpaid invoices was attached to the complaint as "Exhibit A." In its answer to Elliott Bay's complaint, JBNC admitted that it engaged RCO for legal services and that RCO provided legal services to JBNC, but it denied liability for payment on multiple grounds. JBNC's answer did not include an affirmative defense of offset.

At the same time it served the complaint, Elliott Bay also served an initial set of discovery requests seeking to elicit information and documentation necessary to establish JBNC's liability and reasons for not paying the invoices. On March 18, 2019, Elliott Bay filed a motion to compel responses, asserting that JBNC had failed to substantively respond to its discovery requests. The trial court granted the motion and ordered JBNC to respond within 10 days. After JBNC supplemented its discovery responses, Elliott Bay filed a motion for contempt, arguing that JBNC's responses remained largely incomplete in violation of the discovery order. The trial court granted the contempt motion in part,

2

finding that JBNC's discovery responses were deficient, evasive, and incomplete and were therefore to be treated as a failure to answer pursuant to CR 37(a)(3). The court specified in detail the ways in which JBNC was required to supplement its discovery responses, including an explanation of which invoices it disputes are due and owing and the reasons each invoice is disputed. In its response, JBNC admitted that a set of invoices totaling $67,322.32 appear to be due and payable. JBNC further asserted that all invoices involving loans transferred to M&H were not due and owing "due to substantial costs JBNC has incurred as a result of RCO's actions with respect to said loans." Specifically, JBNC claimed it incurred three categories of costs with respect to these transferred loans: transfer fees, allegedly duplicative work, and curtailment of debenture interest.[1]

On July 1, 2019, Elliott Bay filed a motion for summary judgment asserting that it was entitled to judgment as a matter of law because JBNC indisputably engaged RCO to perform legal services, received RCO's invoices, failed to pay them, and has asserted no valid defense to payment. The trial court granted Elliott Bay's motion for summary judgment and awarded a total of $134,591.29 plus interest. Regarding invoices for matters not transferred to M&H, which JBNC admitted were due and owing, the court entered judgment in the amount of $67,322.32. Regarding invoices for matters transferred to M&H, which JBNC disputed, the court ruled that JBNC offered no

---

[1] JBNC additionally claimed that certain invoices were not due and owing because they were paid in full or were submitted late. Elliott Bay waived any claim to payment on those invoices for purposes of summary judgment, and those amounts are not included in the judgment being appealed.

admissible evidence to establish its offset defense, and awarded judgment of $67,268.97. JBNC appeals.

## DISCUSSION

JBNC argues the trial court erred in granting Elliott Bay's motion for summary judgment and entering an award of judgment in Elliott Bay's favor. JBNC also argues that the trial court erred in ruling that it offered no admissible evidence demonstrating a genuine issue of material fact regarding the offset defenses it asserted in opposition to summary judgment.

We review de novo a trial court's decision to grant summary judgment. Mohr v. Grantham, 172 Wn.2d 844, 859, 262 P.3d 490 (2011). Summary judgment is affirmed if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). The moving party has the burden of demonstrating that there is no genuine issue of material fact. Atherton Condo. Apartment-Owners Ass'n Bd. Of Directors v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990). "If the moving party satisfies its burden, the nonmoving party must present evidence that demonstrates that material facts are in dispute." Id. All facts and reasonable inferences are drawn in the light most favorable to the nonmoving party. Kelsey Lane Homeowners Ass'n v. Kelsey Lane Co., Inc., 125 Wn. App. 227, 232, 103 P.3d 1256 (2005). However, "[t]he nonmoving party may not rely on speculation or argumentative assertions that unresolved factual issues remain." Little v. Countrywood Homes, Inc., 132 Wn. App. 777, 780, 133 P.3d 944 (2006) (citing Marshall v. Bally's Pacwest, Inc., 94 Wn. App. 372, 377, 972 P.2d 475 (1999)). "[S]ummary judgment is

granted only if, from all of the evidence, reasonable persons could reach but one conclusion." Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

JBNC contends that the trial court erred in ruling that Elliott Bay met its initial burden to establish entitlement to judgment as a matter of law on its breach of contract claim. JBNC argues Elliott Bay failed to support its claim with an actual contract or agreement between the parties. We disagree.[2]

JBNC asserts the trial court considered inadmissible evidence on summary judgment. A summary list of invoices was attached as Exhibit A to Elliott Bay's complaint. JBNC argues this list was inadmissible pursuant to ER 1006. Under ER 1006, "the contents of voluminous writings . . . which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." The rule requires that the originals, or duplicates, be made available for examination and/or copying at a reasonable time and place. At oral argument, JBNC asserted that Exhibit A was not part of the record. But, as the trial court noted, both parties referenced Exhibit A in their briefing and during discovery. And, JBNC admitted that it did not contest the existence of the invoices. Now on appeal, JBNC argues that the trial court erred in considering the summary document because JBNC disputed the authenticity and accuracy of the invoices underlying Exhibit A and the original documents had not been admitted. But, JBNC did not object below

---

[2] JBNC additionally contends that Elliott Bay failed to demonstrate that summary judgment was proper on the basis of unjust enrichment or account stated. Because we conclude that summary judgment was proper on Elliott Bay's breach of contract claim, we need not address these arguments.

that Exhibit A was inadmissible on evidentiary grounds.[3]  A party's failure to raise an issue before the trial court generally precludes it from raising the issue on appeal.  Mavis v. King County Pub. Hosp. No. 2, 159 Wn. App. 639, 651, 248 P.3d 558 (2011).  JBNC has waived this argument on appeal.

JBNC admitted that it entered into an agreement to compensate RCO for performing legal services.  It admitted that it received the invoices for legal services contained in Exhibit A to the complaint.  And, it admitted that it did not pay those invoices.  Elliott Bay met its burden to establish a prima facie breach of contract claim.

Elliott Bay's request for admissions required that JBNC provide detailed reasons for not admitting the allegations made.  JBNC pointed to nothing in the agreement between the parties as conditioning the obligation to pay or as the basis for excusing payment of the invoices.  JBNC objected that some invoices were late and others paid.  Elliott Bay removed those invoices from its request for summary judgment.

As to the remaining invoices, JBNC denied that it owed the total balance of the invoices listed in Exhibit A because RCO's actions with respect to loans transferred to M&H caused JBNC to incur substantial costs including transfer fees, fees associated with duplicative work, and curtailment of debenture interest.  JBNC contends that it demonstrated genuine issues of material fact regarding whether the costs it allegedly

---

[3] In a footnote in its reply brief, JBNC suggests it objected in the form of a statement in its response to the motion for summary judgment.  The precise statement was, "As in its defective breach of contract claim, Plaintiff's unauthenticated summary table attached to its complaint and piecemeal submission of select invoices . . . do not qualify as 'admissible evidentiary facts' to support summary judgment."  But, JBNC provides no compelling authority that this vague and passing comment in its discussion of the account stated theory was a sufficient objection in the trial court.

incurred as a result of transferring RCO's cases to M&H constitute an offset. But, JBNC failed to plead any claim of offset.

Washington is a notice pleading state and requires that a party give the opposing party fair notice of the affirmative defense in its pleadings. See Dewey v. Tacoma Sch. Dist. No. 10, 95 Wn. App. 18, 23, 974 P.2d 847 (1999). CR 8(c) requires a party to set forth in its pleading any "matter constituting an avoidance or affirmative defense." "Accordingly, affirmative defenses are waived unless they are pleaded or tried with the parties' express or implied consent." Gunn v. Riely, 185 Wn. App. 517, 529, 344 P.3d 1225 (2015). JBNC's answer to Elliott Bay's complaint did not include offset among the affirmative defenses it asserted. Moreover, in its amended responses to Elliott Bay's requests for admission, JBNC admitted it was "not presently aware of any offset." [4] JBNC did not assert offset as a defense to nonpayment until it submitted its amended responses following the trial court's contempt order. JBNC does not assert that the costs it allegedly incurred in the form of transfer fees, fees for duplicative work, or debenture interest fits within any affirmative defense it alleged. The trial court properly concluded that JBNC's failure to allege the affirmative defense of offset supports a grant of summary judgment to Elliott Bay.

JBNC also contends that the trial court erred in determining that it submitted no admissible evidence in support of its offset defense. JBNC appears to argue that the trial court excluded from consideration some of the evidence it presented below. Although

---

[4] We note that JBNC's amended discovery responses following the trial court's contempt order included a reference to "offset." But, JBNC does not argue, and we are not convinced that such a belated and passing reference in an amended discovery response is adequate to assert an affirmative defense.

the trial court stated that the evidence was "not provided in the form of admissible testimony," it is clear that the trial court considered all of the evidence and concluded that it was insufficient to create a question of material fact regarding offset.

First, JBNC submitted 23 pages of e-mail correspondence between itself and M&H that were attached to the affidavit of its business records custodian. JBNC asserts that these e-mails were admissible under the business records exception to the hearsay rule.[5] JBNC further asserts that these e-mails indicate defective notice of default language for all loans transferred from RCO to M&H other than where the acceleration was due to the death of the borrower, thereby forcing JBNC to incur costs for legal work to correct the alleged problem. JBNC contends that this evidence establishes a reasonable inference that it is entitled to offset any amount owed under the parties' agreement. The trial court stated that while these e-mails were "not in the form of admissible testimony, the e[-]mails do not explain or document how or in what amounts JBNC incurred fees or losses that should be offset from any particular invoices. JBNC presents no testimony or evidence from which a jury could conclude that RCO failed to competently perform the work represented in any particular invoice." Even assuming that the records were admissible under the business records rule, the trial court properly concluded that the evidence is insufficient to raise a genuine issue of material fact regarding offset. JBNC did not submit any evidence connecting the allegations of defective legal work to the invoices that are due and owing.

---

[5] A business record is admissible as competent evidence "if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." RCW 5.45.020.

JBNC similarly contends that the trial court improperly excluded a United States Department of Housing and Urban Development mortgagee letter that it asserts is relevant and admissible under the self-authentication rule.  ER 902(b).  But, Elliott Bay never raised any evidentiary objection to the document, and there is no indication that the trial court ruled on its admissibility.  JBNC further asserts that this document explains the process by which JBNC incurred debenture interest charges resulting from substantial foreclosure delays caused by RCO.  But, JBNC offered no evidence that RCO caused foreclosure delays or that the alleged delays caused damages.  This evidence does not create a question of material fact regarding offset.

The trial court properly concluded that Elliott Bay met its burden to establish breach of contract, and that JBNC's affirmative defense of offset was both waived and not supported by sufficient evidence to overcome summary judgment.

Affirmed.

_Appelwick, J._

WE CONCUR:

_Brunner, J_                    _Verellen, J_