[No. 34976.   Department Two.   July 9, 1959.]

GUY F. WHEELER *et al., Respondents,* v. M. H. FRUHLING *et al., Appellants.*[1]

[1]Reported in 341 P. (2d) 874.

*Kenneth O. Welling,* for appellants.

*Ostrander & Van Eaton (Robert H. Van Eaton,* of counsel), for respondents.

FINLEY, J.—This is a lawsuit to settle a boundary line dispute. The problem is to determine the meaning and the legal significance which is to be attributed to a particular deed.

In 1912, George A. Anderson and his wife, Ida B. Anderson, were the owners of the northeast quarter of section 18, township 26, north, range six, east W.M., King county, Washington. In that year, they sold the northeasterly corner of this section to the Campbell Lumber Company, retaining for themselves the property lying west of the land sold to the lumber company. Succeeding conveyances by Campbell Lumber Company and the Andersons now place plaintiffs in ownership of the land conveyed to Campbell Lumber Company, and defendants in ownership of the land which was originally retained by the Andersons.

It is the original deed from the Andersons to the Campbell Lumber Company which is significant, as the westerly line described therein is the boundary line now in dispute. That deed describes the land conveyed as follows:

"Beginning at a point 29 chains and 30 links East of the quarter section corner between sections 7 and 18, Township 26 North, Range 6 East, W.M.; thence South 11 chains and 75 links, thence East 6 chains, thence South 7 chains and 80 links to the Campbell Lumber Company's Right-of-Way, thence East to the section line between sections 17 and 18, thence North along said section line to the section

corner to sections 7, 8, 17 and 18, Township and Range afore-said; thence West along the section line between sections 7 and 18 to the place of beginning, containing 21.71 acres more or less, situated in the county of King, State of Washington."

The above distances specified in chains and links have been converted to feet in subsequent deeds. It is not this conversion that has given rise to this dispute, as both parties agree that it was proper to convert the distances into feet, and that no error was made in the conversion.

In 1952, the defendants employed a surveyor, Mr. Wayne Harrigan, to survey and mark the dividing line between lands of the plaintiffs and lands of the defendants. In 1956 and 1957, defendants cleared timber from an area of land involved in the present dispute, which land Harrigan's survey showed to be part of defendants' property.

Plaintiffs brought this action to quiet title to the disputed property and for treble damages occasioned by the removal of timber therefrom by defendants. The trial court found for plaintiffs on the boundary line question and entered judgment against defendants for treble damages for the removal of timber from plaintiffs' land. Defendants have appealed.

Appellants' basic contention is that all distances referred to in the original deed are "government measure" distances.

On the other hand, respondents assert that the distances must be measured in terms of linear (twelve inches) feet. To state this another way, if we adopt appellants' theory of government measure, the point of beginning of the common boundary line would be 2,163.22 feet from the north quarter corner instead of the 1,933.88 feet specified in the deed. Consequently, this dispute involves, generally speaking, a segment of land approximately 229 feet in width.

The trial court found that the deed in question was plain, clear, and contained no ambiguity in description. Under the circumstances, we agree and believe that the instrument must be interpreted in accord with its plain-stated language. Nowhere in the deed are the words *gov-*

*ernment measure* used. Nor is any ambiguity created by using the twelve-inch foot as the standard of measurement. Actually, the real dispute between these parties concerns how the point of beginning of the common boundary line should be established. As indicated, in the deed the call to the point of beginning is 29 chains, 30 links (1,933.88 feet) east of the north quarter corner. If the parties had originally placed a stake at this point, and if there was in fact a distance other than 1,933.88 feet between the north quarter corner and the stake, it might be argued that the original parties were using some other type of measurement than the twelve-inch foot; for example, government measure. But this is not the situation.

Appellants cite a Federal statute providing that the original surveys run by the government shall be considered to have established true lengths. However, absent either words in the deed indicating that the parties intended to use government measure or some ambiguity created by giving to the language of the deed its ordinary and plain meaning, this statute avails appellants nothing.

As heretofore indicated, the trial court awarded respondents treble damages for removal of their timber. Appellants argue that there is no evidence in this record that a boundary dispute existed at the time the timber was removed, and consequently, that the trial court erred in awarding treble damages.

The trial court, by its finding of fact No. 5, found:

"That prior to the aforesaid invasion by the defendants on the plaintiffs' property, there was a boundary dispute existent between defendants and plaintiffs, and plaintiffs' predecessors in interest."

During oral argument before this court, appellants' counsel indicated that, through oversight, he failed to assign error to the above finding. Whatever the reason, it is now well established as a principle of appellate review that the absence of an assignment of error to a finding of fact results in this court treating such finding as an established fact of the case. Rule on Appeal 43, 34 A Wn. (2d)

47, as amended (effective January 2, 1953); *Timm v. Gilliland,* 53 Wn. (2d) 432, 334 P. (2d) 539.

In *Mullally v. Parks* (1948), 29 Wn. (2d) 899, 190 P. (2d) 107, this court said:

"Where a person has knowledge of a bona fide boundary dispute, and thereafter consciously, deliberately, and intentionally enters upon the disputed area for the purpose of destroying, and does destroy, trees or other property which cannot be replaced, such acts are neither casual nor involuntary, nor can they be justified upon the basis of probable cause for belief by the tort feasor that he owned the land, but, on the contrary, are without lawful authority and will subject such person to treble damages as provided by statute."

For the reasons stated above, the judgment in this case should be affirmed. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.

