# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROBERT GUNN, | No. 48701-2-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| TERRY L. RIELY and PETRA E. RIELY, husband and wife, and their marital community, and all Persons Claiming Any Leal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title, or Any Cloud On Plaintiffs' Title Thereto, | |
| Appellants. | |

BJORGEN, C.J. — This is the second appeal involving Robert Gunn's trespass and quiet title claims against Terry and Petra Riely. In the first appeal,[1] we reversed the trial court's award of damages to Gunn under the waste statute, RCW 4.24.630, and remanded for the trial court to determine damages under the timber trespass statute, RCW 64.12.030. On remand, the trial court awarded $459 in treble damages to Gunn under the timber trespass statute. Because the timber

---

[1] *Gunn v. Riely*, 185 Wn. App. 517, 527, 344 P.3d 1225, *review denied*, 183 Wn.2d 1004 (2015) (*Gunn* I).

trespass statute has no attorney fee provision, it awarded $17,500 in attorney fees in equity to Gunn for the Rielys' bad faith based on the prior trial court's findings of fact and conclusions of law.

The Rielys appeal, arguing that (1) the law of the case doctrine precluded the trial court on remand from awarding attorney fees in equity, (2) Gunn waived his claim for attorney fees in equity, (3) attorney fees can only be awarded in equity when a violation of a temporary injunction is involved, and that the trial court on remand (4) erred in determining that the Rielys engaged in bad faith conduct based on the prior trial court's findings of fact and conclusions of law, which determined liability only under the waste statute, (5) erred because the prior trial court's findings and trial evidence show that the Rielys had "probable cause to believe" that they had an implied easement under RCW 64.12.040, the mitigating circumstances exception of the timber trespass statute, (6) abused its discretion in awarding $17,500 in attorney fees because, under the proportionality doctrine, it failed to exclude costs related to the nonprevailing claim of waste, and (7) abused its discretion in finding that the Rielys were not the prevailing party under RCW 4.84.250 and CR 68.

We hold that the Rielys' contentions fail and affirm the trial court.

FACTS

The relevant underlying facts are described in our opinion resolving the first appeal:

Gunn and the Rielys own adjacent property in the Storm King Ranch subdivision (Storm King) in Clallam County, Washington. Joel Sisson, one of the Storm King developers, purchased the Storm King land and subdivided it. . . . Gunn owns parcel 1 and the Rielys own parcel 2.

. . . .

A grassy path (an old logging road) . . . runs roughly parallel along the boundary line between Gunn's property and the Rielys' property, and ends near the common

2

corner shared by parcels 1 [and] 2. . . . The grassy path is entirely on Gunn's property and is about 75 feet from the boundary line with the Rielys' property.

Between 2000 and 2009, the Rielys used the grassy path to access parts of their property. During that time, Gunn repeatedly told the Rielys that they did not have the right to use the grassy path and that they were not welcome on his land. The Rielys continued to tell Gunn that they believed that they had a right to use the path. In the spring of 2008, Gunn went to the courthouse to inspect the deeds and determined that the Rielys did not have an easement of record. Also in 2008, the Rielys asked to purchase an easement from Gunn, but he declined.

In 2009, the Rielys hired Oasis Well Drilling to build a well on their property near the common corner. The Rielys directed Oasis to use the grassy path for access to the Rielys' property. When the Rielys directed Oasis to use the grassy path, they were aware that Oasis planned to cut trees on the grassy path to get to the drill site. Oasis cut down approximately 107 of Gunn's trees along the grassy path to make room for the equipment needed to drill the well.

*Gunn v. Riely*, 185 Wn. App. 517, 519-20, 344 P.3d 1225, *review denied*, 183 Wn.2d 1004

(2015) (*Gunn* I) (footnotes omitted).

Gunn filed an amended complaint in 2013, alleging that the Rielys were liable under the timber trespass statute, RCW 64.12.030, and subject to treble damages for a willful trespass. As an additional theory, he alleged that the Rielys were liable under the waste statute, RCW 4.24.630, for "wrongfully caus[ing] waste or injury to the land." Clerk's Papers (CP) at 316. Gunn also asked the court for injunctive relief to remove and enjoin use of a well that the Rielys installed 30 feet within the border of Gunn's property. Further, Gunn requested injunctive relief to prevent the Rielys from continuing to enter his property and asked for a judgment quieting title against any claim of the Rielys for an easement over the grassy path. The complaint also stated that "[t]he award of damages for all claims will not exceed . . . $10,000." CP at 319.

As litigation proceeded, the Rielys and Gunn stipulated to dismissing Gunn's claim for injunctive relief concerning the Rielys' well. Further, the Rielys made an offer of settlement

pursuant to RCW 4.84.250 and .280 to settle Gunn's "[t]imber [t]respass [c]laim against them" for

$1,000. CP at 269. The Rielys also made an offer of judgment pursuant to CR 68, offering $1,000

for the timber trespass claim, $50 for service of process, $230 for the superior court filing fee, and

$200 for the attorney fees. Gunn rejected these offers, purportedly because they failed to settle the

quiet title action.

At trial, "Gunn moved in limine to . . . prevent the Rielys from bringing a quiet title action

to establish an implied easement because the Rielys did not plead these claims and Gunn did not

have notice of these claims." *Gunn* I, 185 Wn. App. at 522 (footnote omitted). The trial court did

not allow the Rielys to bring a quiet title action, but permitted them to present evidence of an

implied easement for the limited purpose of defending against Gunn's claims. *Id.*

At the end of trial, the trial court entered the following pertinent factual findings:

### 1. FINDINGS OF FACT

. . . .

1.14 Between 1999, when Mr. Gunn purchased his property, and 2009, when the tree cutting took place that [led] to this litigation, Mr. Gunn recalled and recounted at least five confrontations he had had with his neighbors, the Rielys, on his property--some less friendly than others. . . .

1.15 During these contacts, however, Mr. Gunn testified consistently that he made it clear that the Rielys were on his property, that they were trespassing, that they were not invited guests, and that they were not welcome.

. . . .

1.17 It appears that in the spring of 2008 the last contact of significance occurred prior to the tree removal. . . .

. . . .

1.19 . . . [T]he two gentlemen had a conversation during which Mr. Gunn made it clear that they were trespassing on his property by using the grassy path and that

4

there was no easement there for their use. He testified that Mr. Riely verbally pushed back by indicating that Mr. Sisson, the man who sold parcel two to the Rielys, had represented to the Rielys that they did in fact have the right to use the grassy path as [an] easement to access their property.

1.20 Mr. Gunn told him that he had reviewed the county records and that they did not have an easement.

1.21 Mr. Riely was not accepting of Mr. Gunn's representation about the easement, but he did acknowledge that one thing that conversation made absolutely clear was that the property they were on was owned by Mr. Gunn, and there was no question about that.

1.22 He questioned whether there was a discussion about them having any right to use that property owned by Mr. Gunn. This is where the Riely[]s big mistake came in. The property was clearly owned by Mr. Gunn and that has never been contested.

1.23 The issue was whether or not the Rielys had obtained any right of use with regard to that grassy pathway. The Riely[]s did not then take reasonable steps to confirm their right to use that portion of Mr. Gunn's property or they used it knowing that they did not have a right to do so.

1.24 The next events of significance occurred on July 27, 2009. Mr. Gunn was on vacation visiting his mother in Minnesota. He got a call from . . . his neighbor to the west, indicating that someone was cutting trees on his property. . . . He came home as quickly as he could. . . . He then saw the damage, counting 107 visible tree stumps, others perhaps not visible, and all of the trees that had been cut and simply piled or thrown alongside the grassy pathway, no attempt having been made to remove them or clean them up.

. . . .

1.30 One thing is now clear after hearing all of the testimony: There is not an easement of record for anybody over the grassy path. . . .

1.31 . . . If there had been an easement in favor of Mr. and Mrs. Riely, it would have . . . appeared on the deed. . . .

1.32 The question arises as to how Mr. and Mrs. Riely were to know this when it had been represented to them by Mr. Sisson that they had an access easement. Mr. Sisson was a little bit unclear as to what he had told them, but I am satisfied from the testimony that he made that representation. I think had that not been the case, they would not have had any other reason to think they had the right to use the grassy path.

5

1.33 So how would the defendants know? By looking at the face of their deed where an easement would have to be described, . . . [t]he preliminary commitment for title insurance . . .[, or] their policy of title insurance itself.

. . . .

1.39 The biggest mistake the defendants made was not making that inquiry when the issue had obviously been raised by Mr. Gunn in no uncertain terms.

1.40 The Defendants have raised the issue that the trees were cut on Mr. Gunn's property, but it was done by the well driller, and we had no idea the driller was going to do that--they were an independent contractor.

1.41 That is not credible in this case for a lot of reasons, but primarily because the well drilling contract was a fill-in-the-blank standard form contract, and it had added to it very specifically in handwriting an additional job the w[e]ll–dril[l]er was to do called "tree removal." According to the trial evidence, it is absolutely certain that removal of the trees was contemplated by the Rielys, and that by Oasis well-drillers, when that contract was entered into and that the Rielys knew that those trees were on Mr. Gun[n]'s property.

1.42 So, there was a clear trespass, and the Rielys are responsible and legally liable.

CP at 277-82.

The trial court then ruled that the waste statute was the more appropriate basis to award damages because timber trespass damages, which only included the value of the trees, were "really useless in terms of restoring to Mr. Gunn what he has lost." CP at 287. The trial court ruled that the Rielys had "wrongfully cause[d] waste or injury to the land" under the waste statute, RCW 4.24.630, specifically concluding:

2.19 In this case, the acts were clearly intentional, and as I find the facts, they were unreasonable. The Rielys had every reason to believe that they had no right to do what they were doing. Even if there was some arguable basis for thinking they had an easement, trashing the property was not an alternative. They knew they had no authorization to do this.

. . . .

2.36 Since the court has concluded that the defendants had no easement over the "grassy path," since this was the defense raised to trespass, and since the rights of the parties are clarified by these findings of fact, conclusions of law, and the consequent judgment, the concern for ongoing protection of plaintiff's security is adequately addressed, and there is no need for an injunction at this time.

CP at 286, 289.

The trial court's judgment, consistently with finding of fact 1.30 and conclusion of law 2.36, stated:

The title of Robert Gunn to the property described in Paragraph 1 above is cleared of a claim of easement of record described in paragraph 3 above appurt[en]ant to, or in favor of the owners of, the land described in paragraph 2 above.

CP at 221. With this, the trial court quieted title in Gunn against the Rielys' claim of an easement of record.

The trial court also awarded $17,500 attorney fees under the waste statute based on an affidavit submitted by Gunn's attorney, ruling:

The court finds that $175 per hour is a very reasonable rate for Mr. Mullins [Gunn's attorney] based on skill and experience, and that 100 hours is a reasonable amount of time to devote to proving the trespass claim, and $17,500 in fees is awarded.

CP at 216.

In the first appeal, we held that the trial court erred in awarding damages under RCW 4.24.630, the waste statute, and remanded to determine damages under RCW 64.12.030, the timber trespass statute. *Gunn* I, 185 Wn. App. at 527. We also reversed the attorney fee awarded pursuant to the waste statute, holding that: "[b]ecause we are reversing the trial court's judgment, Gunn is not entitled to attorney fees unless the trial court determines that such fees are appropriate *under the timber trespass statute*." *Id.* at 532-33 (footnote omitted) (emphasis added). We also affirmed

7

the trial court's decision to not allow the Rielys to bring a quiet title action for an implied easement. *Id.* at 530-32.

On remand, the Rielys moved the trial court to determine damages, arguing that Gunn was only entitled to $459 under the timber trespass statute as treble damages. Gunn responded and agreed that they were entitled to the $459 for trees, but also $17,500 in attorney fees based upon "equitable" considerations." CP at 226. In reply, the Rielys contended that "there was no basis upon which an equitable theory would roll into this particular case to allow the Court to award attorney fees based upon an equitable fee." Report of Proceedings (July 31, 2015) at 11.

The trial court awarded $459 in treble damages and $17,500 in attorney fees, stating in its memorandum opinion:

> In contrast to the waste statute, the timber trespass statute does not provide for an award of attorney fees. . . .
>
> [Gunn], however, argues that attorney fees are recoverable in equity. In order to base an award in equity, the losing party's conduct must constitute bad faith, willful misconduct or wantonness.
>
> Interpreting the word "wrongfully" in RCW 4.24.630, the trial court concluded that:
>
> . . . . [the court sets forth the trial court's conclusion of law 2.19 in the initial proceeding, noted above].
>
> The trial court reached this conclusion after finding that, over a ten year period, at least five confrontations occurred between the Plaintiff and Defendants regarding their unauthorized use of the Plaintiff's property. The Court found that there was no easement of record and indicated that the Defendants could have learned that fact from a review of their deed, preliminary title insurance commitment and title insurance policy.
>
> *The Court finds that the conclusion of law specifically, and many of the findings and conclusions generally, support a finding that the Defendant's conduct rose to the level of bad faith, willful misconduct or wantonness.* Consequently, attorney fees in the amount of $17,500 are awarded to the Plaintiff.

CP at 167-68 (citations and footnotes omitted) (emphasis added).

The Rielys moved for reconsideration, arguing that the trial court erred in awarding attorney fees in equity because (1) the law of the case required the trial court to follow *Gunn*'s remand instruction to award attorney fees only if available under the timber trespass statute, (2) Gunn waived any claim to equitable attorney fees because the issue was raised for the first time on remand, (3) the prior trial court's findings and conclusions did not support the court's conclusion that the Rielys had engaged in bad faith, (4) Gunn did not succeed on any equitable claim to support an equitable award of attorney fees, and (5) the prior trial court failed to exclude costs related to Gunn's claim for injunctive relief against the Rielys' well, which had been voluntarily dismissed. The trial court disagreed and denied reconsideration.

Based on these rulings, the trial court entered findings of fact and conclusions of law, ruling that the "[prior] trial court concluded that the defendants engaged in willful misconduct." CP at 125. Accordingly, the trial court on remand entered a judgment for $459 in treble timber trespass damages and $17,500 in equitable attorney fees.

After reconsideration was denied, the Rielys moved to be declared the "prevailing party" and for "retax[ation]" of costs because Gunn only recovered $459 on the timber trespass claim, which was less than their offer of settlement pursuant to RCW 4.84.250 and their offer of judgment under CR 68. CP at 88-99, 107. Gunn argued that the Rielys were not the prevailing parties, primarily on the basis that the settlement offers failed to settle his quiet title claim. The trial court agreed with Gunn and denied the Rielys' motion to be declared the prevailing party under RCW 4.84.250 and CR 68.

The Rielys appeal.

No. 48701-2-II

ANALYSIS

I. THE TRIAL COURT'S AWARD OF EQUITABLE ATTORNEY FEES ON REMAND

1.    Law of the Case

The Rielys first argue that the remand instruction from our prior opinion limited the trial court to only determining whether attorney fees could be awarded under the timber trespass statute. We disagree.

As pertinent, the law of the case doctrine "refers to the 'binding effect of determinations made by the appellate court on further proceedings in the trial court on remand'" and "'the principle that an appellate court will generally not make a redetermination of the rules of law which it has announced in a prior determination in the same case or which were necessarily implicit in such prior determination.'" *Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 113, 829 P.2d 746 (1992) (quoting 15 L. ORLAND & K. TEGLAND, WASH. PRAC., JUDGMENTS § 380, at 55-56 (4th ed. 1986)). The doctrine is also illuminated by RAP 2.5(c), which states:

> Law of the Case Doctrine Restricted. The following provisions apply if the same case is again before the appellate court following a remand:
>
> (1) Prior Trial Court Action. If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.

The bounds of the doctrine were recognized in *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009), in which the Supreme Court observed:

> We held in *Barberio*, that a trial court has discretion on remand pursuant to RAP 2.5(c)(1) to revisit issues that were not the subject of an earlier appeal. The trial court's discretion to resentence on remand is limited by the scope of the appellate court's mandate.

10

(Citations omitted.)[2]  Similarly, the court held in *Columbia Steel Co. v. State*, 34 Wn.2d 700, 706, 209 P.2d 482 (1949), that "[t]his question was not considered by this court upon the first appeal, and we hold that respondent is not precluded from now raising the question, which does not fall within the rule of 'the law of the case.'"

These opinions, along with RAP 2.5(c)(1) and the principles from *Lutheran Day Care* set out above, establish that a trial court on remand may review issues originally not raised to it so long as the new issues do not offend the appellate court's holdings.

Turning to the present case, we held in the first appeal that liability was proper under the timber trespass statute and remanded the case to determine damages and to determine whether Gunn's request for attorney fees is appropriate under the timber trespass statute. *Gunn* I, 185 Wn. App. at 526-27, 532-33. As both parties agree, the terms of the timber trespass statute do not provide for an award of attorney fees. *See, e.g.*, *Beckmann v. Spokane Transit Auth.*, 107 Wn.2d 785, 788, 733 P.2d 960 (1987) (citing RCW 64.12.030). This specific remand instruction, though, must also be read in conjunction with our statement at the end of the opinion: "We reverse the judgment and *remand for further proceedings consistent with this opinion*." *Gunn* I, 185 Wn. App. at 533 (emphasis added). Because the timber trespass statute does not include an attorney fee provision, Gunn could argue, consistently with our prior opinion, that attorney fees were recoverable on an equitable basis for his claim brought under the timber trespass statute.[3]

---

[2] *State v. Barberio*, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993).

[3] The Rielys also argue that the trial court's findings pertaining to the waste statute were reversed. However, the obvious implication from our court's remand instruction—that the trial court should determine *damages* under timber trespass—necessarily required that the trial court's findings established liability under timber trespass. Thus, this argument fails.

Accordingly, the trial court on remand did not violate the law of the case doctrine, and it acted consistently with our prior opinion, in using an equitable theory to award attorney fees.

2.    Waiver

Next, the Rielys argue that Gunn waived his claim for an equitable award of attorney fees. We disagree.

As determined above, our prior opinion did not hold that attorney fees under equity were inapplicable nor did our remand instruction prevent Gunn from arguing such. Instead, consistent with RAP 2.5(c), it was in the trial court's discretion to determine whether an equitable theory of attorney fees not previously raised should be addressed for the first time on remand. *See State v. Barberio*, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993); *State v. Sauve*, 33 Wn. App. 181, 183 n.2, 652 P.2d 967 (1982). Thus, waiver does not apply.

## II. ATTORNEY FEES AWARDED IN EQUITY FOR BAD FAITH

1.    Legal Authority to Award

The Rielys challenge whether attorney fees can be awarded in equity for bad faith conduct in these circumstances. Specifically, they argue that an award of equitable attorney fees for bad faith is only appropriate when a case involves a temporary injunction. We disagree.

Contrary to Gunn's belief, whether a trial court has a legal basis to award attorney fees is a question of law reviewed de novo. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012).[4] On the other hand, we review a trial court's decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion. *Id.*

---

[4] Gunn argues that the standard of review is abuse of discretion because we invited the trial court to decide whether an award of attorney fees was appropriate. However, whether we invited the

It is well established that attorney fees may be awarded under statute, under contract, or in equity. *Id.* at 645. One such basis in equity is bad faith conduct by another party. *See Rogerson Hiller Corp. v. Port of Port Angeles*, 96 Wn. App. 918, 927, 982 P.2d 131 (1999). We have previously recognized an equitable award of attorney fees for bad faith under three general types, including, as pertinent here, for "prelitigation misconduct." *Id.* "Prelitigation misconduct refers to 'obdurate or obstinate conduct that necessitates legal action' to enforce a clearly valid claim or right." *Id.* (quoting JANE P. MALLOR, PUNITIVE ATTORNEYS' FEES FOR ABUSES OF THE JUDICIAL SYSTEM, 61 N.C.L. Rev. 613, 632 (1983)).

Citing *State v. Sizemore*, 48 Wn. App. 835, 839, 741 P.2d 572 (1987), the Rielys argue that "equity cannot be a basis for awarding attorney fees unless the cause of action was cognizable in equity." Br. of Appellant at 21-22. Because timber trespass is a statutory claim, they argue, Gunn had no claim in equity.

However, the Rielys incorrectly state that Gunn only raised causes of actions in law. As the trial court aptly analyzed, Gunn's complaint asked for the trial court to quiet title in his property against the Rielys' easement claim, and the trial court expressly quieted title in Gunn against the Rielys' claim of an easement of record. An action to quiet title "is equitable and designed to resolve competing claims of ownership." *Kobza v. Tripp*, 105 Wn. App. 90, 95, 18 P.3d 621

---

court to explore other theories to award attorney fees is beside the point. The legal basis to award attorney fees is a question of law reviewed de novo.

(2001); *see also Haueter v. Rancich*, 39 Wn. App. 328, 331, 693 P.2d 168 (1984). Thus, Gunn's successful quiet title action provided a basis in equity to award attorney fees.[5]

For these reasons, the trial court had legal authority to award Gunn attorney fees in equity for the Rielys' bad faith conduct.[6]

2.     Findings of Fact to Support Bad Faith Conclusion

The Rielys argue that even if the trial court on remand had legal authority to award attorney fees in equity, it erred because the prior trial court's findings of fact and conclusions of law do not support a determination of bad faith. We disagree.

A court awarding attorney fees must provide sufficient findings of fact and conclusions of law to develop an adequate record for appellate review of a fee award. *In re Marriage of Bobbitt*, 135 Wn. App. 8, 30, 144 P.3d 306 (2006). Here, the trial court on remand determined that the Rielys' conduct rose to the level of "bad faith, willful misconduct or wantonness." CP at 168. It relied on the prior trial court's findings and conclusions, which determined that (1) over a 10-year period, at least five confrontations occurred between Gunn and the Rielys regarding the unauthorized use of Gunn's property, (2) the Rielys knew that the grassy path was entirely on

---

[5] The Rielys also claim that Gunn failed to show how the available damages under the timber trespass statute were inadequate. For their argument, the Rielys cite *Sorenson v. Pyeatt*, 158 Wn.2d 523, 531, 146 P.3d 1172 (2006), which states, "A court will grant equitable relief only when there is a showing that a party is entitled to a remedy and the remedy at law is inadequate."

Here, as discussed above, Gunn is entitled in equity to attorney fees pursuant to his quiet title claim. The timber trespass statute does not provide for attorney fees under its provisions. Thus, the remedy at law pertaining to attorney fees provides no relief to Gunn, and he was entitled to argue for an equitable award of attorney fees.

[6] Because Gunn brought an equitable claim against the Rielys, we do not decide the propriety of *Sizemore*'s proposition that an underlying equitable claim is a prerequisite for an award of attorney fees in equity.

14

Gunn's property, and (3) despite having ample avenues to determine whether they could legally travel on the grassy path, they hired a well-driller to trespass on Gunn's property while he was on vacation, specifically instructing the driller to perform "tree removal" on the grassy path. *See* CP at 168; CP at 277-79, 281-82

These earlier findings support the trial court's conclusion on remand that the Rielys acted in bad faith. Although the trial court did not categorize the bad faith as "prelitigation misconduct," the Rielys' actions fall squarely within its definition set out above. Accordingly, this claim fails.

3.      Compatibility of Findings Regarding Waste with Timber Trespass

Next, the Rielys argue that the prior trial court's findings do not support a conclusion of bad faith because the findings were only applicable to the waste statute, RCW 4.24.630, and incompatible with a finding of a willful trespass under RCW 64.12.030. For the reasons below, we disagree.

Under the timber trespass statute,

> [w]henever any person shall cut down, girdle, or otherwise injure, or carry off any tree, . . . timber, or shrub on the land of another person, . . . without lawful authority, . . . any judgment for the plaintiff shall be for treble the amount of damages claimed or assessed.

RCW 64.12.030. A court will treble the damages awarded under the statute if the trespass is "willful." *Birchler v. Castello Land Co.*, 133 Wn.2d 106, 110, 942 P.2d 968 (1997). Generally, a willful trespass is one in which RCW 64.12.040, the mitigating circumstances provision, does not apply. *See id.*; *Smith v. Shiflett*, 66 Wn.2d 462, 467, 403 P.2d 364 (1965). RCW 64.12.040 reads in pertinent part:

> If upon trial of such action it shall appear that the trespass was casual or involuntary, or that the defendant had *probable cause to believe* that the land on which such

trespass was committed was his or her own, . . . judgment shall only be given for single damages.

(Emphasis added.)

The Rielys contend that the waste statute does not provide for the same mitigating circumstances available under RCW 64.12.040, and as such, we should exercise our discretion, reexamine the record and findings on our own, and determine whether the Rielys acted with "probable cause to believe that the land on which such trespass was committed was his own." Br. of Appellant at 27-29, 38-39 (emphasis omitted). We disagree.

First, the mitigating circumstances provision required the Rielys to have "probable cause to believe that the land on which such trespass was committed was his or her own." RCW 64.12.040. It was *undisputed* that the grassy path was on Gunn's property.

Second, and more to the point, our Supreme Court has held in timber trespass cases that an individual has acted "without lawful authority" and that no mitigating circumstances apply, if the trespassing individual has knowledge of a bona fide boundary dispute, yet decides to still trespass on the disputed area and destroys trees. *Mullally v. Parks*, 29 Wn.2d 899, 911, 190 P.2d 107 (1948); *Wheeler v. Fruhling*, 54 Wn.2d 483, 487, 341 P.2d 874 (1959). Like the trespassers in *Mullally* and *Wheeler*, the Rielys were aware that a dispute existed as to whether they had an easement over the grassy path, and they neglected to check any of the titles or records, which would have readily shown them that they had no express easement over Gunn's property. Thus, the Rielys' actions were a willful trespass that did not fall within the mitigating circumstances of RCW 64.12.040.

The Rielys also argue that the trial court's findings are inadequate because wrongfulness under the waste statute differs from a willful trespass under the timber trespass statute. However,

the prior trial court's findings and conclusions that support liability for "wrongfully" causing waste necessarily also support liability for a "willful" trespass under the timber trespass statute.

The trial court originally concluded that the Rielys were liable under the waste statute's second avenue for finding liability. RCW 4.24.630 provides in pertinent part:

> Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, *or wrongfully causes waste or injury to the land*, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. *For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act.*

(Emphasis added.) The trial court's findings led to its conclusion of law 2.19, which concluded that the Rielys "wrongfully" caused waste to Gunn's property. CP at 286.

As noted in RCW 4.24.630, one acts "wrongfully" under the waste statute by acting "while knowing, or having reason to know, that he or she lacks authorization to so act." One acts "willfully" under the timber trespass statute if one does not have "probable cause to believe that the land on which such trespass was committed was his or her own." *See Birchler*, 133 Wn.2d at 110 n. 2; *Smith*, 66 Wn.2d at 467; RCW 64.12.040. The trial court determined that the Rielys had "wrongfully caused waste or injury to the land" under the waste statute, RCW 4.24.630, specifically concluding in conclusion of law 2.19:

> In this case, the acts were clearly intentional, and as I find the facts, they were unreasonable. The Rielys had every reason to believe that they had no right to do what they were doing. Even if there was some arguable basis for thinking they had an easement, trashing the property was not an alternative. They knew they had no authorization to do this.

CP at 286. The same evidence, discussed above, that supports this conclusion of wrongfulness under the waste statute would also show that the Rielys did not have probable cause to believe that

17

the grassy path was their own under the timber trespass statute. Thus, the Rielys' claim that the findings supporting wrongfulness under the waste statute cannot be the basis for a finding of bad faith under the timber trespass statute must fail.

The Rielys also point out that the trial court's finding of fact 1.32, concerning Sisson's statements to the Rielys, shows that they had "probable cause" to believe that they had an implied easement, which, in turn, undermines the trial court's conclusion that they engaged in a willful trespass. Br. of Appellant at 38. The trial court did recognize that Sisson had made representations to the Rielys that they might have had an easement on Gunn's property. The court still determined, however, that the Rielys acted wrongfully, *i.e.*, willfully, because they failed to take reasonable actions that would have shown they lacked an easement before trespassing and destroying the trees on the grassy path. Thus, finding 1.32 does not undermine either of the trial courts' findings or conclusions.

In short, the findings that support the trial court's determination that the Rielys "wrongfully" caused waste also support its conclusion that the Rielys willfully trespassed. Thus, the trial court's findings and conclusions support the trial court's determination of liability for a willful trespass and bad faith conduct.

## III. OTHER ATTORNEY FEE ISSUES

1. Proportionality Doctrine

The Rielys argue that we should examine whether the trial court on remand abused its discretion in awarding attorney fees because, under the proportionality doctrine, it failed to exclude claims related to the waste statute. The Rielys also argue that the affidavit supporting the amount of attorney fees only states the hours worked on the waste claim, and that the trial court did not

reassess the attorney fees figure. However, the Rielys never made these arguments in the trial court, and we hold them waived on appeal.

In their motion for damages on remand, their oral representations to the trial court, and their reconsideration motion, the Rielys never argued that the trial court should recalculate the attorney fees because it had included fees for the unsuccessful waste claim. Similarly, the Rielys never argued that the affidavit only supported attorney fees related to the waste statute. Instead, only in their motion for reconsideration did they contend that the trial court on remand should recalculate the attorney fees because it included fees related to the injunction against the well. The trial court on remand denied reconsideration on this basis. As such, there is nothing that can be taken from the Rielys' arguments that put the trial court on notice that it should have recalculated the attorney fees based on the unsuccessful waste claim. Thus, we hold these arguments waived under RAP 2.5(a).

2.    RCW 4.84.250

The Rielys argue that the trial court erred in failing to determine that they were the prevailing parties under RCW 4.84.250. We disagree.

Under RCW 4.84.250,

in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

RCW 4.84.270 defines when a defendant should be deemed a prevailing party:

The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than

the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280.

Before going to trial, the Rielys offered $1,000 to settle Gunn's timber trespass claim. Gunn refused to do so. The prior trial court ended up awarding over $20,000 under the waste statute, $17,500 of which was for attorney fees. Thus, at that time, the Rielys could not argue that they prevailed under RCW 4.84.250 and .270.

We then reversed the award of damages under the waste statute and remanded for the court "to determine damages under RCW 64.12.030, the timber trespass statute." *Gunn* I, 185 Wn. App. at 527. The trial court on remand awarded less than $1,000 in damages related to the timber trespass claim. However, it also awarded $17,500 in attorney fees, which exceeded the Rielys' settlement offer.

In determining whether a defendant is a prevailing party, RCW 4.84.270 excludes "costs" from a plaintiff's recovery. Thus, Gunn's $17,500 award of attorney fees usually would not be considered in determining who prevailed. However, as discussed in Part II of this opinion, Gunn's successful quiet title action enabled the trial court to award attorney fees in equity. *Kobza*, 105 Wn. App. at 95 ("An action to quiet title is equitable and designed to resolve competing claims of ownership."). The Rielys' intransigence forced Gunn to file this lawsuit. Gunn represented to the trial court that he would have accepted a settlement if the Rielys conceded that they had no right of easement over the grassy path. The Rielys refused to do so. Thus, the quiet title action, a key component to Gunn's case, remained unsettled.

Further, the success of the trespass claim and quiet title action were inextricably intertwined. The trial court on remand awarded equitable attorney fees for the same conduct that

20

led to the trebling of the timber trespass claim because the Rielys had no claim to an easement over Gunn's property. The trial court on remand relied on the trial court's findings that the Rielys and Gunn had engaged in five confrontations over the unauthorized use of his property despite the Rielys knowing it was Gunn's property and having multiple methods to discern whether they could legally go on the grassy path. The Rielys' obstinate and uninformed position resulted in a willful, bad faith trespass onto Gunn's property, which forced Gunn to sue them.

The Rielys argue that the purpose of chapter 4.84 RCW, would be undermined if they are not declared the prevailing parties. As already noted above, the Rielys never offered to settle Gunn's quiet title claim, which was an essential part of his lawsuit. Although the Rielys are correct that the Gunn's quiet title action did not take the lawsuit outside the purview of chapter 4.84 RCW,[7] "[t]he purpose of RCW 4.84.250 is to encourage out-of-court settlements and to penalize parties who unjustifiably bring or resist small claims." *Target Nat'l Bank v. Higgins*, 180 Wn. App. 165, 173-74, 321 P.3d 1215 (2014). The purpose of RCW 4.84.250 would not be served by deeming the Rielys, who offered an incomplete settlement, the prevailing party. Gunn was justified in continuing to bring his trespass claim in conjunction with the quiet title action when the settlement offer would not make him whole. Under these circumstances, the trial court on remand did not abuse its discretion in denying the Rielys' motion to declare them the prevailing parties.

---

[7] Gunn argues that RCW 4.84.250 does not apply because the Rielys did not offer to settle the quiet title action. However, RCW 4.84.250 applies to actions for both equitable relief and damages. *Lay v. Hass*, 112 Wn. App. 818, 821 n.3, 51 P.3d 130 (2002); *Hanson v. Estell*, 100 Wn. App. 281, 290, 997 P.2d 426 (2000). Thus, this argument fails.

3.     CR 68

Next, the Rielys contend that they are the prevailing parties under CR 68 because Gunn's recovery was less than their offer of $1,480. We disagree.

CR 68 sets forth a procedure for defendants to offer to settle cases before trial. *Lietz v. Hansen Law Offices, P.S.C.*, 166 Wn. App. 571, 581, 271 P.3d 899 (2012). The rule states that

> a party defending against a claim may . . . offer to allow judgment to be taken against [it] for the money or property or to the effect specified in the defending party's offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

CR 68. Like RCW 4.84.250, CR 68 aims to encourage parties to reach settlement agreements and to avoid lengthy litigation. *Lietz*, 166 Wn. App. at 581. The rule achieves this objective by shifting costs of litigation to a plaintiff who rejects a defendant's CR 68 offer and does not achieve a more favorable result at trial. *Id.*

For the same reason as with RCW 4.84.250, the Rielys are not entitled to fees under CR 68. The Rielys' CR 68 offer did not resolve Gunn's quiet title action, which was intertwined with his successful trespass claim. The quiet title action provided a basis to award the $17,500 in equitable attorney fees. Inclusion of the equitable attorney fee award far exceeds the Rielys' CR 68 offer. Accordingly, the Rielys' contention fails.

IV. ATTORNEY FEES ON APPEAL

The Rielys request an award of attorney fees and costs from the first appeal and this appeal under RCW 4.84.250, .290 and RAP 18.1. However, the Rielys are not the prevailing parties, and we thus deny their requests.

No. 48701-2-II

Gunn requests an award of attorney fees on appeal under RAP 18.1 and equitable principles. Although the Rielys' bad faith conduct prior to litigation supplied an appropriate basis to award attorney fees in equity at the trial court level, Gunn has not shown that this appeal was conducted in bad faith. Accordingly, we deny Gunn's request for attorney fees on appeal.

CONCLUSION

We affirm the trial court's judgment awarding Gunn treble damages under the timber trespass statute and equitable attorney fees for the Rielys' bad faith conduct.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

We concur:

Lee, J.

Melnick, J.